# Harrison, Harrison & Associates, Ltd.

65 BROADWAY, 7th Floor
NEW YORK, NY, 10006
DIRECT DIAL (888) 239-4410
FAX (718) 799-9171
nycotlaw@gmail.com

Address all mail to:
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701

November 21, 2016

VIA ECF

Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>Lazaro Perez v. Arrow Linen Supply Company, Inc., et al - 16-cv-4698 (BMC)</u>

Dear Judge Cogan:

    The parties in this case are pleased to (i) advise the Court that the Plaintiff in this case, Lazaro Perez ("Plaintiff"), recently entered into a settlement agreement ("Agreement") with Defendants Arrow Linen Supply Company, Inc., Salvatore Magliocco and John Anthony Magliocco ("Defendants") and (ii) respectfully request that the Court approve the Agreement - attached hereto as Exhibit "A" - and the settlement of the wage and hour claims as final, fair, reasonable, adequate, and binding on the parties, and that the Court dismiss this litigation with prejudice discontinuing this case.

    The terms of the Agreement provide that in exchange for Plaintiff discontinuing this litigation and executing, in favor of Defendants, a release covering employment claims, Defendants will pay Plaintiff a total of $10,400.00 (the "Settlement Amount"), inclusive of attorney's fees and disbursements.

    The Agreement reflects a compromise between the Plaintiff and the Defendants. While Plaintiff could have possibly received some more money had he proceeded to and won at trial, Plaintiff agreed to the Settlement Amount because he believes it to be a fair and reasonable compromise. This is because the Settlement Amount represents the full amount of his estimated $2,338.20 in unpaid overtime wages owed <u>plus</u> an additional $4,328.47 which is being allocated for liquidated damages, statutory penalties, and interest.

    Defendants deny that there was any violation of the Fair Labor Standards Act or the New York Labor Law, and, even if there was a violation, any violation was not willful. Nevertheless, as Defendants were desirous of avoiding continuing litigation costs, Defendants decided to pay Plaintiff under the Settlement Agreement in full and final settlement of Plaintiff's claims.

Another factor involved in Plaintiff's decision to settle this suit was that he wanted the Settlement Amount sooner, rather than having to wait many months or several years for payment. He also wished to forego the uncertainties of litigation and the hassle and expense of proceeding through discovery, depositions, and trial. He also did not want to take time off from work for depositions, settlement conferences, and trial.

Plaintiff – and Defendants – thus believe that the Settlement Amount represents a fair and equitable compromise that allows them to proceed with their personal and work lives without the disruptions, inconveniences, and risks inherent in litigation.

## RELEASE

The settlement agreement contains a release that covers any employment-related claims that Plaintiff might have, and is not limited to wage and hour claims. However, this provision does not render the Agreement unfair. *See generally Souza v. 65 St. Marks Bistro*, 2015 U.S. Dist. LEXIS 151144, *18-24 (S.D.N.Y. Nov. 6, 2015) (Cott, J.) (approving broader release in individual FLSA settlement notwithstanding Cheeks). Here, the Plaintiff has had an opportunity to "properly value [the] additional claims" covered in the release. Indeed, Plaintiff's counsel has "inquire[d] of plaintiff whether [he] is aware of any other claims … against the employer," and Plaintiff has been able to "think of … other claims…." *Id.* Thus, "it would be an anomalous result to say that [the] … release is unfair given that the agreement to one amounts to zero cost to that plaintiff as there is no other claim that could be brought." *Id.* Finally, there is no longer any ongoing relationship between the parties, and both sides wish to be assured that no further employment-related claims will be brought against the other, a "release of the kind proposed in this case, with [a] former employee[] who ha[s] no ongoing relationship with the employer, makes sense in order to bring complete closure." *Id.*

## ATTORNEYS' FEES & COSTS

From the Settlement Amount of $10,400.00, $400.00 in costs will be reimbursed to Plaintiff's counsel. From the remaining $10,000.00, two thirds, or $6,666.67, will be paid out to Plaintiff and $3,333.33 is allocated for attorneys' fees. This one-third contingency - agreed upon by Plaintiff in his retainer agreement - is regularly approved in this circuit in FLSA and NYLL cases. *See Najera v. Royal Bedding Co., LLC*, No. 13-CV-1767 (NGG)(MDG), 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) ("one-third contingency fees [] are commonly accepted in the Second Circuit in FLSA cases."); *Kochilas v. Nat'l Merch. Servs., Inc.*, No. 1:14-CV-00311 (LB), 2015 WL 5821631 (E.D.N.Y. Oct. 2, 2015) (awarding 33% of $60,000 in FLSA and NYLL case, and stating that the "percentage-of-recovery method . . . is consistent with the trend in this Circuit."); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 13 CV 3234 (LB), 2013 WL 5308277, at *1 (E.D.N.Y., Sept. 19, 2013) ("This fee arrangement [of one third of the settlement amount plus costs] is routinely approved by courts in this Circuit.").

In light of the above, Plaintiff and Defendants jointly and respectfully request that this Court approve the parties' Agreement and that the Court "so order" the "Stipulation & Order of Dismissal" being filed today with the Court discontinuing this case. We thank the Court for its attention to this matter.

Respectfully submitted,
/S/ DAVID HARRISON
David Harrison

cc: All Counsel of Record (VIA ECF)

# EXHIBIT "A"

# AGREEMENT AND GENERAL RELEASE

This Agreement and General Release ("Agreement") is entered into, as of the dates set forth below, between Lazaro Perez ("Plaintiff") for himself, his heirs, executors, administrators, personal representatives and assigns (collectively, "Plaintiff") and Arrow Linen Supply Company Inc. ("Arrow"), Salvatore Magliocco, and John Anthony Magliocco (collectively, "Defendants") ("Plaintiff" and "Defendants" may be referred to collectively as the "Parties").

WHEREAS, Plaintiff and Defendants are parties to a lawsuit in the United States District Court for the Eastern District of New York entitled *Lazaro Perez v. Arrow Linen Supply Company, Inc., et al.*, 16 CV 4698 (the "Civil Action");

WHEREAS, the Parties understand and agree that Defendants for themselves and any and all present and former affiliated entities, predecessor entities, successor entities and their respective present and former officers, partners, directors, board members, principals, trustees, professional employer organizations, administrators, executors, agents, owners, shareholders, employees, and assigns, individually and in their official capacities, deny each and every assertion of wrongdoing with respect to Plaintiff;

WHEREAS, the Court has made no findings as to the merits of the Complaint;

WHEREAS, Plaintiff and Defendants desire to fully and finally resolve and settle in full all claims that Plaintiff had, have, or may have against the Defendants, including, but not limited to, all claims and issues that were or could have been raised in the Complaint;

WHEREAS, the Plaintiff, with full assistance and through consultation with counsel, freely and voluntarily enters into this Agreement in exchange for the promises contained herein which pertain to Defendants and the full payment due from Defendants as provided for herein; and

NOW, THEREFORE, in consideration of this Agreement and the promises, obligations and payments contained herein and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties voluntarily intend to be legally bound and agree as follows and incorporate the above recital clauses into this Agreement:

1. **Payment**

    (a) As contemplated in the Settlement, in consideration for the payment of TEN THOUSAND AND FOUR HUNDRED DOLLARS ($10,400.00) (the "Settlement Payment") and upon approval by the Court of the terms of the Settlement and dismissal of the Civil Action with prejudice, Plaintiff releases and discharges all claims against Defendants, their officers, agents, legal representatives, predecessors, successors, assigns, trustees, administrators, heirs, executors and insurers (collectively referred to as "RELEASEES") from all actions, causes of action, and suits, against the RELEASEES, which Plaintiff or Plaintiff's heirs, executors, administrators, successors, and/or assigns, may now have or hereinafter can, shall or may have, arising out of his employment with Arrow, up to and including the date of Plaintiff's execution of this Agreement; this release also includes claims arising under the New York Executive Law,

section 296, *et seq.*; Title VII of the Civil Rights Acts of 1964 and 1991, as amended; the Family and Medical Leave Act; the New York State Human Rights Law, section 290, *et seq.*; New York City Human Rights Law, Section 8-107, *et seq.*, the Civil Rights Act of 1966; the Employee Retirement Income Security Act of 1974, as amended; the Occupational Safety and Health Act; the National Labor Relations Act, as amended; the Americans with Disability Act of 1990; the Worker Adjustment and Retraining Notification Act; the Fair Labor Standards Act and New York Labor Law, relating to Plaintiff's employment with Arrow; and all Federal, State and local statutes, regulations, decisional law and ordinances and all human rights, fair employment, contract and tort laws relating to Plaintiff's employment with Arrow and/or the separation thereof, as well as all claims for attorneys' fees, costs and claims for or concerning wrongful discharge, breach of contract, personal injury, defamation, misappropriation, mental anguish, injury to health and reputation, working conditions and fraud, arising out of Plaintiff's employment by Arrow, the termination thereof, and/or the negotiation and/or execution of this Agreement.

(b) Plaintiff represents that he has not filed any lawsuits, claims, charges or demands against the Defendants other than the Civil Action and has no intent to file, nor will file, any lawsuits, claims, charges or demands against the Defendants as of the date of Plaintiff's execution of this Agreement. Plaintiff agrees to file with the Court a motion for the Court to approve the Settlement and dismiss the action with prejudice as agreed to in the Settlement, and Defendants agree to support such motion.

(c) To the extent that there are applicable laws providing that general releases do not apply to claims that are unknown to the releasing party at the time that he executes the release, the Parties hereby waive the application of such laws to this general release to the extent permitted by such laws.

(d) Provided that the Court approves the terms of the Settlement and dismisses the Civil Action with prejudice, the Defendants shall issue the Settlement Payment within 15 days of the approval by the Court of the Settlement and dismissal of the Civil Action with prejudice as follows:

   i. One check in the amount of $2,338.20, less applicable deductions and withholdings as requested by Plaintiff, shall be issued payable to "Lazaro Perez" and mailed to Harrison, Harrison & Associates, Ltd. 110 State Highway 35, Suite 10, Red Bank, NJ 07701, attn: David Harrison, Esq. (the "First Settlement Payment"). The Parties agree that the First Settlement Payment shall be allocated for Plaintiff's alleged unpaid back wages. Defendants shall issue an IRS form W-2 to Plaintiff in connection with the First Settlement Payment.

   ii. One check in the amount of $4328.47 shall be issued payable to "Lazaro Perez" and mailed to Harrison, Harrison & Associates, Ltd. 110 State Highway 35, Suite 10, Red Bank, NJ 07701, attn: David Harrison, Esq. (the "Second Settlement Payment"). The Parties agree that the Second Settlement Payment shall be allocated for alleged liquidated damages,

statutory penalties, and interest. Defendants shall issue an IRS form 1099 designated Box 3 "other income" in connection with the Second Settlement Payment.

    iii.    One check in the amount of $3733.33, or the monetary figure set by the Court, shall be issued payable to Harrison, Harrison & Associates, Ltd. and mailed to Harrison, Harrison & Associates, Ltd. 110 State Highway 35, Suite 10, Red Bank, NJ 07701, attn: David Harrison, Esq. (the "Third Settlement Payment") (the First, Second, and Third Settlement Payments are collectively referred to as the "Settlement Payment"). The parties agree that the Third Settlement Payment shall be allocated for Plaintiff's attorneys' fees, costs, and other disbursements in the Civil Action.

    iv.    The Parties agree that the First and Second Settlement Payment amounts shall be adjusted to the extent that the court modified the attorneys' fee payment provided for in subparagraphs (iii). The payment shall be equal to the difference between the sum of the attorneys' fee payment (the "Third Settlement Payment") and $10,400.00.

(e) Except for the Settlement Payment, Plaintiff will not be entitled to any other damages, payments or benefits from Defendants in connection with the Civil Action, including any claim for counsel or attorneys' fees or costs in connection with the Civil Action.

(f) Plaintiff represents that he has not assigned or transferred to any person or entity any claims, liens, or judgments relating to or arising out of the Civil Action, including but not limited to claims, liens, or judgments related to legal costs and expenses. Plaintiff warrants and represents that he will satisfy all such past, present, or future claims, liens, or judgments from the Settlement Payment, and no responsibility for said claims, liens, or judgments is to be borne by Defendants or Releasees, as defined herein.

(g) Plaintiff further agrees that he will be individually responsible for any employee taxes due on the said consideration constituting the First and Second Settlement Payments and agrees to indemnify and hold harmless Defendants for any such liability.

(h) Plaintiff agrees that, within 10 days of the Execution of this Agreement by all parties, he will provide to John K. Diviney, Esq., Rivkin Radler, LLP, 929 RXR Plaza, Uniondale, New York, an IRS form W-4 to facilitate payment of the First Settlement Payment and the Second Settlement Payment.

## 2. Further Clarification and No Admission of Liability

(a) Plaintiff agrees and understands that nothing contained in this Agreement is an admission by Defendants of any liability, wrongdoing, breach of duty or unlawful conduct whatsoever or violation of any local, state or federal law, regulation or ordinance. Plaintiff shall not use, attempt to use or authorize the use of this Agreement in any court or administrative tribunal as indicia or evidence of any

liability, wrongdoing, breach of duty or unlawful conduct of the Defendants. Plaintiff understands that he is receiving this consideration as a result of entering into the Settlement and this Agreement and complying with all the provisions of this Agreement.

(b) The Settlement and this Agreement state the entire agreement between the parties and supersedes any other agreements or understandings. No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by or on behalf of all of the Parties, and then only to the extent set forth in such written waiver, modification or amendment.

(c) The Settlement is based upon a good faith determination of the Parties to resolve a disputed claim.

(d) Plaintiff promises and represents that he will immediately withdraw, with prejudice, any and all outstanding administrative complaints or charges, filed with federal, state and local agencies/administrative bodies against the Defendants and will also withdraw with prejudice all judicial actions, as well as any and all other lawsuits, charges, claims, demands, appeals or actions pending against the Defendants, and will not file or pursue any other administrative or judicial complaints, lawsuits, charges, claims, demands, appeals or actions of any kind against the Defendants for any claim arising up to the date Plaintiff's execution of this Release. Plaintiff promises and represents that he will execute such papers or documents as may be necessary to have said complaint, lawsuit, claim, demand or action dismissed with prejudice.

(e) This Agreement shall be binding upon, and inure to the benefit of, the parties and their affiliates, beneficiaries, heirs, executors, administrators, successors and assigns.

(f) This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to, any third party as a beneficiary of this Agreement.

(g) In any interpretation of this Agreement the masculine, feminine or neuter pronouns, respectively, shall include the other genders.

(h) This Agreement shall become effective upon its execution by all parties.

3. **Notices.** All notices, demands, or other communications regarding this Settlement Agreement shall be in writing and shall be sufficiently given if either personally delivered or sent by overnight courier, postage pre-paid, addressed as follows:

To Plaintiff:

David Harrison, Esq.
Harrison, Harrison & Associates, Ltd.
110 State Highway 35, Suite 10
Red Bank, NJ 07701

To Defendants:

John K. Diviney, Esq.
Rivkin Radler LLP
926 RXR Plaza
Uniondale, New York 11556-0926

4. **Additional Representations and Warranties.** Plaintiff represents and warrants that he is the sole owner of all claims, rights, demands and causes of action that he is relinquishing by executing this Agreement and that no other persons or entities have any interest in such claims, rights, demands, and causes of action. Plaintiff further represents that he is not a Medicare beneficiary as of the date of this release, and no conditional payments have been made by Medicare for any reason whatsoever.

5. **Governing Law.** The Parties agree that the validity, effect, interpretation and construction of this Agreement and any obligations undertaken pursuant thereto, shall be governed by the laws of the State of New York, without regard to conflicts-of-law provisions.

6. **Titles.** The titles of the Paragraphs of this Agreement are inserted for convenience only and shall not affect the meaning or construction of any of the terms of this Agreement.

7. **Severability.** If any provision, covenant, term, or condition of this Agreement is held to be invalid, illegal, or unenforceable for any reason, such invalidity, illegality, or unconscionability, that shall not affect the validity, legality, or enforceability of any other provisions, covenants, terms, or conditions of this Agreement.

8. **Full Knowledge of All Terms.** The Parties hereby represent and warrant that, prior to executing this Agreement they: (i) have consulted with counsel before executing this Agreement; and (ii) represent and warrant that they fully comprehend, the meanings of each of the provisions of this Agreement and that they entered into this Agreement voluntarily.

### 9. Attorneys' Fees

(a) The Parties agree not to seek any attorneys' fees, costs, or interest from each other, except as provided in the Settlement and this Agreement.

(b) The Parties agree to be responsible for their own respective attorneys' fee and/or expenses in connection with this Agreement, except as provided in the Settlement and this Agreement.

**10. Signature in Counterparts.** This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same Agreement. A facsimile or electronic copy of this Agreement shall have the same force and effect as the original.

The parties hereto knowingly and voluntarily execute this Settlement Agreement and Release as of the date set forth below.

*Lazaro Perez*      11-19-16
LAZARO PEREZ      DATE

ARROW LINEN SUPPLY COMPANY INC.      11-14-16
By: John Magliocco, President and Owner      DATE

SALVATORE MAGLIOCCO      11-14-16
     DATE

JOHN MAGLIOCCO      11-14-16
     DATE

3526663 v1

6